JOSEPH HALEY, ET AL. *v.* SAMUEL HALEY, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—528.]

**Vacating Decree of Divorce After Term of Court Ends.**

>    The court granting a divorce has no power to vacate the decree
> at a term subsequent to the one at which it was rendered, except,
> perhaps, upon consent of all parties to it or upon the ground that it
> was procured by fraud.

**Redocketing Divorce Case Does Not Nullify Decree Already Made
Therein.**

>    To nullify a solemn decree rendered at a former term something
> more is required than merely redocketing a case, which may be
> done for many purposes not inconsistent with or involving the vo-
> cation of the subsisting decree.

### APPEAL FROM BRACKEN CHANCERY COURT.

January 19, 1886.

OPINION BY JUDGE LEWIS:

In 1838 Thomas Haley and Martha Beckett were married and
cohabited as husband and wife until about August, 1847, when he
filed in the Harrison Circuit Court a bill in chancery against her,
and at the September term next thereafter a decree was rendered
in accordance with his prayer divorcing him from her, and restor-
ing him to all the rights and privileges of an unmarried man.
About the year 1854 he was married to America Neaves, who died
later leaving four children by him. About 1875 he was married
to Sarah Margeret Haley, a daughter of Martha Haley, and died
intestate leaving her and six children by her surviving him. This
is an action by Martha Haley and two of her sons born more than
ten months subsequent to the decree of divorce mentioned, viz.:
Joseph and William A. Haley, in which she seeks to have allowed
to her as the widow of Thomas Haley dower in the estate left by
him, and his heirs at law an interest of one-fifth each therein.

The defendants to the action, besides the personal representative
of the deceased, are Samuel Haley, his only child by Martha born
prior to the decree of divorce, his children by America, his sec-
ond wife, his children by Sarah, his third wife, and also the latter,
who claims to be his widow and entitled to dower. Two other chil-

dren of Martha, the first wife, born after the decree of the divorce, who are infants, are made defendants, but their interests coincide with those of the plaintiffs. The decisive question in this case, in fact the only material one about which there is room for controversy, is whether the decree of divorce written in 1847 was and is in full force, for if so the defendants, Samuel Haley and the children of Thomas Haley by his second and third wives, are the heirs at law and only ones of the decedent, and Sarah Margaret Haley is his widow and as such is entitled to dower in his estate, and neither Martha Haley nor any of her children born subsequent to that decree are entitled to any interest whatever in that estate.

The record shows that Martha Haley was duly summoned and filed her answer to the bill of Thomas Haley before the decree was rendered. But it is contended that orders were subsequently made and proceedings had in that action which operated to nullify or vacate that decree. The first order or entry made after the rendition of the decree was June 1, 1850, and is as follows: "This day came again the parties by their counsel, and the defendants moved the court to reinstate this cause upon the docket, but not having time to consider it the same is laid over for further consideration." Afterwards on the same day it seems an order was made that the motion be sustained and that the cause be redocketed. For what purpose the parties desired to redocket the case is not disclosed in the motion. Nor does it appear that the plaintiff, Thomas Haley, united in the motion, nor was he present at the time in person. When the case was redocketed it stood as though it never had been filed away, subject to such further orders and decrees as the court might thereafter legally make. But it did not operate according to the rules of practice then existing, any more than such an order would now operate ipso facto to vacate or nullify the decree rendered at a previous term of court. We do not say that the parties might not by consent have set aside the former decree, as it could then have been done without prejudice to third parties.

But the record does not show that even the order that was made redocketing the case was made by consent of the parties, but it was made on motion of the defendant; and so far from the plaintiff in the suit consenting to an order or decree vacating the former decree of divorce even the defendant did not ask it. On the contrary,

in her answer which was filed after the case was redocketed, she did not ask that the decree be set aside, but that she upon grounds therein alleged be divorced from the plaintiff and be restored to the rights of a single woman, and that she recover a certain amount of money in plaintiff's possession alleged to belong to her. She afterwards filed an amended answer relating entirely to the money she sought to recover. But except an order to retake depositions, which was never done, the only action ever taken in the case after filing her answer and amended answer was an order made on motion to file the case away. The court did not have the power to vacate the decree at a term subsequent to the one at which it was rendered, except, perhaps, by the consent of the parties or upon the ground that it was procured by fraud, for it clearly appears that it had jurisdiction of both the persons of the parties and the subject of the action. There was no formal motion to set it aside, nor any action of the court taken which has ever in any case by this court been held to be equivalent to a vacation of the decree. Neither party consented nor sought by either motion or bill of review to have the decree set aside and held for nought. But so far as the purpose of the defendant in having the case redocketed was indicated, it was to obtain a decree restoring her to the rights of an unmarried woman, which, under the law as then existing, the first decree did not operate to give to her, and to recover the money mentioned. In our opinion to nullify a solemn decree rendered at a former term something more was then, as is now, required than merely redocketing a case, which may be done for many purposes not inconsistent with or involving the vacation of the subsisting decree. The judgment is therefore *affirmed*.

*Winfield Buckler, W. W. Kimbrough, for appellant.*
*R. K. Smith, Wm. Lindsay, for appellee.*